IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CONECSUS LLC,

        Plaintiff,

v.

FILTER TECHNOLOGY LTD,

        Defendant.

No. 3:21-cv-01218-MO

OPINION AND ORDER

MOSMAN, J.,

This matter is before me on Plaintiff Conecsus, LLC's Motion to Change or Transfer Venue. Pl.'s Mot. [ECF 27]. For the reasons stated below, I DENY the motion.

## BACKGROUND

This case was transferred to the District of Oregon from the Northern District of Texas on August 17, 2021, [ECF 18], on Defendant's original Motion to Transfer Case out of District/Division. Def.'s Mot. [ECF 16]. Plaintiff failed to respond to Defendant's motion in the Northern District of Texas and failed to petition the Court in the Northern District of Texas for more time. Pl.'s Mot. [ECF 27] Ex. 1 at 3. Only after the case had already been transferred to the District of Oregon did Plaintiff file a Motion for Reconsideration of Order Granting Defendant's Motion to Transfer Venue. *Id.*

1 – OPINION AND ORDER

On September 8, 2021, Plaintiff filed a Motion to Change or Transfer Venue requesting that this Court both (1) reconsider the merits of Plaintiff's reconsideration motion filed in the Northern District of Texas, and (2) transfer venue of this case back to the United States District Court for the Northern District of Texas. Pl.'s Mot. [ECF 27] at 2.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) outlines six reasons why a party can seek relief from a Court's order. Rule 60(b)(1) allows a court to relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." In the Ninth Circuit, the "mistake or inadvertence of one's lawyer does not constitute excusable neglect" under Rule 60(b). *Orton v. Holden*, No. Civ. 95-1130-FR, 1996 WL 684465, at *3 (D. Or. Nov. 19, 1996) (citing *Pratt v. McCarthy*, 850 F.2d 590, 592 (9th Cir. 1988)). Here, it appears to the Court that Plaintiff moves under Rule 60(b)(1) for relief from the court's order in the Northern District of Texas. The mistake necessitating relief was Plaintiff's counsel's own—by his own admission he failed to file a response in opposition to the Defendant's Motion to Transfer or Change Venue and failed to ask the court for additional time to respond. Pl.'s Mot. [ECF 27] Ex. 1 at 3. Further, in the Motion currently before the Court, Plaintiff fails to establish why exactly relief should be granted under Rule 60(b). *See generally* Pl.'s Mot. [ECF 27]. Therefore, it is not proper for this Court to grant relief from the order transferring the case from the Northern District of Texas to the District of Oregon.

Additionally, the Court declines Plaintiff's invitation to rule on the merits of its Motion for Reconsideration that Plaintiff filed in the Northern District of Texas because the Motion is moot. This case has already been transferred to the District of Oregon—the time for reconsideration of the underlying motion has come and gone.

2 – OPINION AND ORDER

## CONCLUSION

For the reasons given above, I DENY Plaintiff Conecsus, LLC's Motion to Change or Transfer Venue [ECF 27].

IT IS SO ORDERED.

DATED this 27th day of October, 2021.

                                                MICHAEL W. MOSMAN
                                                United States District Judge

3 – OPINION AND ORDER